IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROBERT SHEPHARD,

    Plaintiff,

v.                                         CASE NO. 4:11-cv-451-WS-GRJ

STEVEN SINGER, et al.,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C § 1983 ("complaint"); Doc. 2, Plaintiff's motion for leave to proceed as a pauper; and Doc. 11, Plaintiff's motion for extension of time to file his prison account statement. The motion for extension of time is moot, because Plaintiff has now filed an account statement. Doc. 12. This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** as frivolous.

### Plaintiff's Motion to Proceed *In Forma Pauperis*

Plaintiff's motion to proceed as a pauper (Doc. 2) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Plaintiff shall pay **$5.25** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however,

Plaintiff is assessed the total $350.00 filing fee.  The agency having custody of Plaintiff shall forward, **WITHIN THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of **$5.25** to the Clerk of Court.  A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court."  The following information shall either be included on the face of the payment or attached thereto:  (1) the full name of the prisoner; (2) the prisoner's inmate number and, (3) Northern District  Florida Case Number 4:11-cv-451-WS-GRJ.  Checks or money orders which do not have this information will be returned.

Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account.  Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00.  These payments shall continue until the filing fee of $350.00 is paid in full. Accordingly, the **Clerk** shall mail a copy of this Order to: Inmate Accounts, Wakulla Correctional Institution, 110 Melaleuca Drive, Crawfordville, FL 32327.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf.  For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein.  Plaintiff is advised to retain a copy of this Order for this purpose.

*Case No: 4:11-cv-451-WS-GRJ*

## **Plaintiff's Allegations**

Plaintiff's claims stem from a lien that was placed on his inmate account for a $425 state-court filing fee imposed after the state court granted him leave to proceed as a pauper. In accordance with Fla. Stat. Ann. § 57.085, state prisoners are required to make monthly payments toward such fees, in an amount of no less than 20 percent of the balance of the prisoner's trust account. Funds are to be withdrawn from the account and forwarded to the state court "when the balance exceeds $10." *See* Fla. Stat. Ann. § 57.085(5).

Plaintiff contends that in May 2011 he received a $10.00 deposit into his account, upon which the prison deducted a .50 administrative fee and then forwarded $9.50 to the state court as a filing-fee payment. Plaintiff contends that the withdrawal was improper because the funds in his account did not exceed $10.00. Plaintiff contends that the withdrawal of 100% of his funds violates his federal due process and equal protection rights, and caused him hardship, pain, suffering, and emotional distress. Plaintiff also alleges that his Eighth Amendment rights have been violated because he needed the money to purchase hygiene products.[1]

## **Review of *In Forma Pauperis* Cases**

Since Plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] In view of the nature of Plaintiff's claim, the Court previously afforded Plaintiff an opportunity to voluntarily dismiss the complaint without incurring the filing fee. *See* Doc. 8.

monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327; *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as the Rule.  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46.)) Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary

judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that *sua sponte* dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

### Due Process, Equal Protection, and 8th Amendment Claims

The Due Process Clause prohibits state action that deprives a United States citizen of life, liberty, or property without due process of law. U.S. Const. amend. XIV. A person alleging a violation of his right to due process must establish that he was deprived of an interest cognizable under the Due Process Clause, and that the procedures attendant upon that deprivation were not constitutionally sufficient. *Kentucky v. Dep't of Corrections v. Thompson*, 490 U.S. 454. 459-60 (1989); *Board of Regents v. Roth*, 408 U.S. 564, 571 (1972). Deprivations of property resulting from random, unauthorized acts of government officials do not become due process violations when there exist adequate remedies under state law for plaintiff to seek redress for the deprivation. *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1984); *Carcamo v. Miami-Dade County,* 375 F.3d 1104 (11 Cir. 2004) (citing *Zinermon* th *v. Burch,* 494 U.S. 113, 132 (1990)); *Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986); *Hall v. Sutton*, 755 F.2d 786, 787 (11th Cir.1985).  This is equally true whether the deprivation was the result of an intentional or a negligent act.  *Hudson v. Palmer*, 468 U.S. 517 (1984).  A judicial post-deprivation cause of action may satisfy due process. *Carcamo*, 375 F.3d at 1106. Since Fla. Stat. § 768.28 (2000) provides a remedy for the deprivation of Plaintiff's property caused by negligent or wrongful acts or omissions of

state employees, he cannot maintain a §1983 action based on the alleged deprivation.

In order to properly plead an equal protection claim, a plaintiff need only allege that similarly situated persons have been treated disparately through state action. *Thigpen v. Bibb County, Ga., Sheriff's Dept*., 223 F.3d 1231, 1237-39 (11th Cir. 2000); *Amnesty Intern., USA v. Battle,* 559 F.3d 1170, 1180 (11th Cir. 2009) (*citing GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359 (11th Cir. 1998). Thus the identification of these individuals comprise a part of the claim itself. *Id.* Plaintiff has pleaded no facts showing that any similarly situated prisoners have been treated differently. Therefore, no equal protection claim can lie.

The Eighth Amendment's prohibition against cruel and unusual punishment, applicable to the State of Florida through the Due Process Clause of the Fourteenth Amendment, *Robinson v. California*, 370 U.S. 660 (1962), prohibits the "unnecessary and wanton infliction of pain," *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). An Eighth Amendment claim challenging conditions of confinement requires a two-prong showing: an objective showing of a deprivation or injury that is "sufficiently serious" to constitute a denial of the "minimal civilized measure of life's necessities" and a subjective showing that the official had a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's claim that the withdrawal of his funds pursuant to the Florida prisoner IFP statute amounts to an Eighth Amendment falls far short of the necessary showing and lacks any merit.[2]

---

[2]Even if Plaintiff stated a constitutional violation, his claim for monetary damages for emotional distress is barred by 42 U.S.C § 1997e(e).

*Case No: 4:11-cv-451-WS-GRJ*

## Conclusion

For the foregoing reasons, the Court concludes that the complaint should be dismissed as frivolous pursuant to 28 U.S.C.A. § 1915(e)(2)(B).  Accordingly, upon due consideration, it is:

1.  **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED**, and Plaintiff's motion for extension of time to file his account statement, Doc. 11, is **MOOT.**

2.  Respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B) as frivolous.  The dismissal of this case will count as a strike for purposes of 28 U.S.C § 1915(g).

**IN CHAMBERS**  this 19th day of January 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.